UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY NOTO,

                Plaintiff,

-against-

FEDERAL GOVERNMENT; STATE GOVERNMENT; DEPARTMENT OF HOMELAND SERVICES; ANGEL.CO,

                Defendants.

23-CV-2843 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction.[1] By order dated April 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff filed the original complaint in this action on April 5, 2023. On May 4, 2023, Plaintiff filed an amended complaint. (ECF 7.) The amended complaint is the operative pleading.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box on the form to invoke the court's federal question jurisdiction, and in response to the question asking which of his federal constitutional or federal statutory rights were violated, Plaintiff writes, "Fourth Amendment[,] Governance Fraud[.]" (ECF 7, at 2.) Named as Defendants are "Federal Government," "Department of Homeland Services," which the Court understands to be the United States Department of Homeland Security ("DHS"), "Angel.co," and "State

Government."[2] Plaintiff states that his claims arose in New York, but he does not provide the dates on which the events giving rise to his claims occurred.

In the section of the amended complaint form requesting the facts supporting his claims, Plaintiff states,

> The Department of Homeland Security (DHS) uses the Noto interface in conjunction with the Sentry system to identify and flag suspicious activity. The Noto interface is used to request data from Google services, and Sentry is used to analyze this date for potential threats. This process allows the DHS to quickly identify and investigate potential threats, which can help prevent terrorist attacks or other criminal activity. However, this system has been criticized by privacy advocates, who believe that it gives the government too much power to access personal information without a warrant. Light Energy Direct map of the United States transferred to each .Gov portal. No authorization was ever received[.] Angel.co was thought of by me Anthony V. Noto. I told Kristen Laverty about the name so she could help a friend the investor platform. 8 million dollar agreement from Fu Wah Group was received I was employed at George Versailles. Governance Fraud occurred resulting in a Federal Bivens obstruction case. Kristen Laverty utilized Michael Balboni's connections. Even with cognitive behavioral manipulation.[3]

(*Id.* at 5-6.) [4]

In response to the question on the amended complaint form asking him to describe his injuries, Plaintiff states, "I was incarcerated due to the stalking of Kristen Laverty at Wholefoods on Houston. Kristen Laverty had my mother Diane Noto on speaker they provoked me falsified injury records and obstructed justice in my receiving bail. I received injurys under my time being incarcerated." (*Id.* at 6.)

---

[2] Plaintiff does not include "State Government" in the caption to the complaint, although he does include it in the body of the complaint. (*See id.* at 5.)

[3] Plaintiff does not otherwise identify or explain his relationship to Laverty or Balboni.

[4] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

As relief, Plaintiff seeks $8 million "from the Fu Wah Group" and "[s]ettlements from all parties which prevented the monies and bail from being received." (*Id.*)

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

The Court construes Plaintiff's claims against "State Government" and "Angel.co" as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

   1.     **"State Government"**

Because Plaintiff resides in New York, the Court construes his Section 1983 claims against "State Government" as being asserted against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against "State Government" are therefore barred by the Eleventh Amendment and are dismissed.

   2.     **"Angel.co"**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

4

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant "Angel.co" appears to be a private party that is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     **"Federal Government" and DHS**

The Court construes Plaintiff's claims against the "Federal Government" as being asserted against the United States of America. However, the Court must dismiss any claims Plaintiff is bringing against the United States and DHS under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as a federal agency, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff's references to a "Federal Bivens obstruction case" may be an attempt to assert a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "[*Bivens*] is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *see Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). However, the United States has not consented to be sued under *Bivens*. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or its agencies); *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y. 2002) (the United States has not consented to

5

be sued under *Bivens*). Because Plaintiff has not named an individual defendant subject to *Bivens* liability, the Court need not reach the issue of whether Plaintiff has an implied cause of action under *Bivens*.[5]

Plaintiff's references to "Governance Fraud" may be an attempt to assert claims under the Federal Tort Claims Act ("FTCA"). The FTCA provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and receiving a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within

---

[5] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *Id*. at 2007.

six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), the FTCA's time limits "are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Here, nothing in the amended complaint suggests that Plaintiff has complied with the jurisdictional requirement that he exhaust his administrative remedies before coming to federal court. Moreover, even if Plaintiff had exhausted his administrative remedies, Plaintiff's allegations, construed liberally, do not suggest that any federal officer or employee committed a tort against him while acting within the scope of their employment so as to state a plausible claim under the FTCA.

The Court therefore dismisses Plaintiff's claims against the "Federal Government" and DHS under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

### C.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's amended complaint is dismissed for failure to state a claim, as barred by the Eleventh Amendment, under the doctrine of sovereign immunity, and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge